## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| AMERICAN WOODMARK CORPORATION, | ) ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.

JURY TRIAL DEMANDED

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on a disability, and to provide appropriate relief to Erica Grier ("Grier"), who was adversely affected by such practices. The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant American Woodmark Corporation ("Defendant"), discriminated against Grier when it denied her a reasonable accommodation and discharged her because of her disability, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant conducted business in the State of Georgia and has continuously had at least 15 employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111 (7), which incorporate by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Grier filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

8. On May 21, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with

the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On July 11, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since on or about September 2017, Defendant has engaged in unlawful employment practices at its Jackson, Georgia facility in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b).

12. Grier is a qualified individual with a disability under 42 U.S.C. §§ 12102 and 12111(8).

13. Grier has the following medical conditions: seizures, epilepsy, migraines, diabetes and a heart condition, which substantially limit her ability to perform major life activities, including but not limited to, neurological, endocrine and circulatory functions and the functions of speaking or interacting with others when seizures and/or migraines occur.

14. Defendant knew that Grier was disabled when it terminated her from the Quality Auditor position because of an actual or perceived impairment on or about May 7, 2018.

15. On or about September 2013, Grier applied for, and Defendant approved, Grier's use of intermittent leave under the Family Medical Leave Act (FMLA) for treatment and recovery for her disabilities.

16. Grier intermittently used FMLA leave for treatment of her disabilities from September 2013 through the date of her termination.

17. On or about March 19, 2018, Grier visited Butts County Medical Center for treatment related to her disabilities.

18. Between March 19, 2018 and March 21, 2018, Grier provided a note from the Butts County Medical Center to her supervisor, excusing her from work for March 19 and 20, 2018, and clearing her to return to work on March 21, 2018.

19. On or about March 30, 2018, Defendant denied Grier's request to use intermittent FMLA leave on March 19 and 20, and assessed "points" to her attendance record, pursuant to Defendant's time and attendance policies.

20. Defendant's denial of FMLA protection for March 19 and 20 caused Grier to accumulate more than nine (9) attendance points, in violation of Defendant's "Frequency and Duration".

21. On or about March 30, 2018, Defendant asked Grier to provide medical documentation showing that her absences were related to her disabilities.

22. Shortly thereafter, Grier provided an updated FMLA certification form to her supervisor, group leader, and Defendant's third-party absence management provider, showing that her absences on March 19 and 20 were related to her disabilities.

23. Defendant refused to accept Grier's updated certification on the basis that the form was "missing dates and/or duration for leave on the Certification of Healthcare Provider form" and continued to deny her intermittent leave request.

24. Around this time, Grier also complained to Human Resources that her Group Leader made inappropriate comments about the symptoms of Grier's disabilities and side-effects of her medications.

25. On or about April 13, 2018, Defendant again denied Grier's request for FMLA protection for her March 19 and 20 absences.

26. On or about May 7, 2018, Defendant terminated Grier's sixteen-year employment for "attendance."

27. Defendant unlawfully refused to accommodate Grier and unlawfully terminated Grier's employment because of her disability despite that fact that Grier could perform the essential functions of her job with the accommodation that she requested and was refused.

28. The effects of the practices complained of above have been to deprive Grier of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

29. The unlawful employment practices complained of above were intentional.

30. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to the federally protected rights of Grier.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employment opportunities to any individual based on an actual or perceived disability without performing a full and complete objective individualized assessment of the employee's ability to safely perform the job, from denying reasonable accommodations to disabled employees, or engaging in any other employment practice that discriminates on the basis of disability.

B.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Grier whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.  Order Defendant to make Grier whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make Grier whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Grier punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

[signature on following page]

Respectfully Submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

s/ *Robyn M. Flegal*
Robyn M. Flegal, Esq.
Trial Attorney
Georgia Bar No. 599572
robyn.flegal@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
(404) 562- 6882 (direct)
(404) 562-6905 (facsimile)